**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PATRICK MURPHY, #25208,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:09-CV-0160-B** |
| | § | |
| **MESQUITE CITY POLICE** | § | |
| **DEPARTMENT, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a *pro se*, pre-trial detainee pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at the Van Zandt County Detention Center in Canton, Texas. Defendants are the Mesquite City Police Department and Officer Abbott. The court did not issue process in this case, pending preliminary screening. The magistrate judge issued two questionnaires in this case. Plaintiff filed his answers to the questionnaires on March 2 and April 23, 2009, respectively.

Statement of Case: The complaint, as supplemented by the answers to the questionnaire, alleges that Defendant Abbott used excessive force during booking/arraignment at the Mesquite City Jail on December 19, 2008. (Complaint at 4). Plaintiff alleges that Abbott became enraged when a female officer noticed that Plaintiff had a razor in his pocket and indirectly accused

Abbott of failing to search Plaintiff.  Abbott allegedly "piped in screaming 'You want to be searched . . . ?'" and rushed Plaintiff, pushing him  against a nearby wall and cursing him. (Answer to Question 3 of the First Questionnaire).  He then reached under Plaintiff's "buttocks through [his] legs grabbing [his] penis and scrotum twisting and squeezing violently, pulling [Plaintiff] toward him and lifting [Plaintiff] off of the ground 3 different times." (*Id.*).  In addition to feelings of humiliation, Plaintiff suffered terrible pain, including swelling and extensive bruises to the penis and testicles area.  (Answer to Questions 3-7 of the First Questionnaire).  Plaintiff seeks an investigation and prosecution of Officer Abbott.  (Complaint at 4).  He also seeks monetary compensation.  (*Id.*)

Findings and Conclusions:  The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).  *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

Plaintiff seeks an investigation and prosecution of Officer Abbott.  Such requests are not cognizable in a civil rights action.  Investigations in possible criminal activities and the

2

prosecution of state or federal criminal offenses fall within the exclusive jurisdiction of the executive branch of the state and federal government. *See Pierre v. Guidry*, 75 F. Appx. 300, 300 (5th Cir. 2003) (per curiam) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975)) (plaintiff has no right to bring a private action under criminal statutes); *Oliver v. Collins*, 904 F.2d 278, 280-81 (5th Cir. 1990) (the decision to file or not to file criminal charges falls within this category of acts that will not give rise to liability under 42 U.S.C. § 1983).

Likewise any claim against the Mesquite City Police Department is subject to dismissal at the screening stage. It is well settled that a plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).

Plaintiff's claims against Abbott's superior and the City of Mesquite, which Plaintiff names for the first time in answer to the questionnaire, fare no better. (*See* Answer to Question 8 of the First Questionnaire). Plaintiff does not allege facts that indicate personal involvement or acquiesce in the alleged constitutional deprivations on the part of Abbott's superior. (*See* Answer to Question 2 of the Second Questionnaire). He merely alleges that the superior is "responsible for incidents on and around his jail pertaining to civilian's and prisoners alike." (Answer to Question 9 of the First Questionnaire). It is well settled that an individual cannot be held liable in a § 1983 action unless he was personally involved or participated in alleged unconstitutional actions. *See Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005); *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Nor can a supervisor be held liable in a § 1983 action pursuant to a theory of respondeat superior. *See Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985) (per curiam). *See*

3

*also Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) (supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury).

Similarly, Plaintiff cannot sue a local government entity or municipality, such as the City of Mesquite, under a theory of vicarious liability or *respondeat superior. See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978). Instead, liability may be imposed only where the municipality itself causes the constitutional violation at issue. *Board of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 403-404, 117 S. Ct. 1382, 1387-88 (1997); *City of Canton v. Harris,* 489 U.S. 378, 385, 109 S. Ct. 1197, 1203 (1989); *Piotrowski v. Houston,* 237 F.3d 567, 578 (5th Cir. 2001). Here it is clear that Plaintiff only seeks to sue the City of Mesquite on a theory of vicarious liability, claiming it is "ultimately responsable [sic] for the actions of its police officers and [is] liable for incidents at [its] jail." (Answer to Questions 8-9 of the First Questionnaire; *se also* failure to answer to Question 5-6 of the Second Questionnaire).

Accepting as true Plaintiff's allegations as to the force used by Officer Abbott, the Magistrate Judge concludes that Plaintiff has arguably raised a claim for excessive use of force in violation of the Due Process Clause of the Fourteenth Amendment. *See Valencia v. Wiggins,* 981 F.2d 1440, 1446 (5th Cir. 1993) (finding it "impractical to draw a line between convicted prisoners and pretrial detainees" in excessive force cases, and applying the Supreme Court's Eighth Amendment standard even though the plaintiff's claim technically arose under the Fourteenth Amendment); *see also United States v. Daniels,* 281 F.3d 168, 179 (5th Cir. 2002) (explaining the court's holding in *Valencia* ). The appropriate standard focuses on "whether the

4

force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillan*, 503 U.S. 1, 8, 112 S. Ct. 995, 998 (1992); *Whitley v. Albers,* 475 U.S. 312, 320-22, 106 S.Ct. 1078, 1085 (1986); *Rankin v. Klevenhagen*, 5 F.3d 103, 107 (5th Cir. 1993); *Valencia,* 981 F.2d at 1146.

Plaintiff's allegations that Officer Abbot attacked him while he was responding to Officer Martin's question and causing no disturbance, arguably raises a claim that the force used may have been excessive to the need and objectively unreasonable.  Accordingly, Plaintiff's excessive force claim against Officer Abbott is not subject to dismissal at the screening stage.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims against Defendants Mesquite City Police Department, Abbott's superior, and the City of Mesquite be DISMISSED with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2), and that service of process be ISSUED on Plaintiff's excessive force claim against Officer Abbott.

Since Plaintiff was previously granted leave to proceed *in forma pauperis*, the Clerk should be directed to prepare and issue summons for Defendant Abbott at the Mesquite Police Department, 711 N. Galloway Ave., Mesquite, Texas 75149, and to deliver the same to the United States Marshal for service of process pursuant to Rule 4, Federal Rules of Civil Procedure, along with a copy of the complaint, Plaintiff's answers to the first and second questionnaires, and the recommendation of the magistrate judge.[1]

---

[1]    In answer to the second questionnaire, Plaintiff describes Officer Abbott as a white male, with brown hair, 5'6" to 5'10" tall, 160-180 lbs., and 30-35 years old.  (*See* Plaintiff's Answer to Question1 of the Second Questionnaire).

5

A copy of this recommendation will be transmitted to Plaintiff.

Signed this 11th day of May, 2009.

_Wm. F. Sanderson, Jr._

WM. F. SANDERSON, JR.

UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.